1   Jeffrey W. Shields, Bar No. 109920
    Rick A. Varner, Bar No. 160403
2   Michael W. Buhrley, Bar No. 255203
    SHIELDS LAW OFFICES
3   1920 Main Street, Suite 1080
    Irvine, California 92614
4   (949) 724-7900; Fax (949) 724-7905
    E-mail: jeff@shieldslawoffices.com
5
6   Attorneys For Plaintiff
    Richard Black
7



8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  RICHARD BLACK, an individual,      ED CV 09 - 02051 VAP
                                       Case No. _____ (OPx)
12         Plaintiff,
                                       COMPLAINT FOR:
13         vs.                         (1)  BREACH OF WRITTEN
                                            CONTRACTS;
14  TIMOTHY BEARD, an individual dba   (2)  BREACH OF THE IMPLIED
    BEARD'S MARKETING; and MELISSA          COVENANT OF GOOD FAITH AND
15  MANSON, an individual dba              FAIR DEALING;
    BEARD'S MARKETING,                 (3)  COMMON COUNT FOR MATERIALS
16                                          PROVIDED; AND
           Defendants.                 (4)  VIOLATIONS OF CALIFORNIA
17                                          CIVIL CODE SECTION 1719

18

19

20

21                                     JURY TRIAL DEMANDED

22

23        As a Complaint herein, RICHARD BLACK ("Plaintiff"), as

24  assignee of Mad Dog Energy Products, Inc. ("Mad Dog"), alleges

25  against defendants TIMOTHY BEARD dba BEARD'S MARKETING ("Beard")

26  and MELISSA MANSON dba BEARD'S MARKETING ("Manson") [hereinafter,

27  Beard and Manson sometimes collectively referred to as

28  "Defendants"], as follows:

19371

I.   JURISDICTION, VENUE AND PARTIES

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. section 1332 (diversity of citizenship), inasmuch as: (a) Plaintiff is an individual residing in California; (b) Plaintiff alleges on information and belief that both Beard and Manson are individuals residing in Minnesota; and (c) the amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000.00.

2.   Plaintiff alleges on information and belief that venue is proper in this Court pursuant to 28 U.S.C. section 1391 in that the contractual agreements which are the subject of this action were entered into and to be performed, at least in substantial part, within this judicial district, and, for purposes of venue, each of Defendants is subject to personal jurisdiction within this judicial district.

3.   Plaintiff is an individual who is a citizen of, and domiciled in, Riverside County, California.  Plaintiff is the assignee of Mad Dog as to each of the debts, and as to all rights and claims against each of Defendants, which give rise to the within action.  Mad Dog is a California corporation with its principal place of business located in Riverside County, California.

4.   Plaintiff alleges on information and belief that Beard is an individual who is a citizen of, and domiciled in, Clara City, Minnesota.

5.   Plaintiff alleges on information and belief that Manson is an individual who is a citizen of, and domiciled in, Clara City, Minnesota.

## II.   GENERAL ALLEGATIONS

6.   Mad Dog is in the business, *inter alia*, of distributing various food and drink products, including without limitation, candies and soft drinks.

7.   On or about May 14, 2009, Defendants and Mad Dog entered into a first written contract (the "First Contract") in the amount of $85,424.00 in California in that, on such date: (a) Defendants issued to Mad Dog in California that certain written Purchase Order #10037 (the "First Purchase Order") to purchase the candies, drinks and marketing materials described therein from Mad Dog in California, and (b) Mad Dog agreed to sell and ship same to Defendants from California by way of that certain written Invoice #1522 (the "First Invoice). A true and correct copy of the First Purchase Order and the First Invoice comprising the First Contract is attached hereto as Exhibit "1" and is incorporated herein by this reference.

8.   On or about May 14, 2009, Beard also sent a written e-mail to Mad Dog promising that Defendants would "pay in full ten (10) days from the day I get the product."

9.   On or about May 18, 2009, Defendants and Mad Dog entered into a second written contract (the "Second Contract") in the amount of $68,880.00 in California in that, on such date: (a) Defendants issued to Mad Dog in California that certain written Purchase Order #10057 (the "Second Purchase Order") to purchase the candies, drinks and marketing materials described therein from Mad Dog in California, and (b) Mad Dog agreed to sell and ship same to Defendants from California by way of that certain written Invoice #1527 (the "Second Invoice). A true and correct copy of the Second

Purchase Order and the Second Invoice comprising the Second Contract is attached hereto as Exhibit "2" and is incorporated herein by this reference.

10.   As had been agreed, Mad Dog duly shipped all of the products which were the subject of both the First Contract and the Second Contract (hereinafter, sometimes collectively referred to as "the Subject Contracts") from California to Defendants in Minnesota, as instructed by Defendants.

11.   Although Defendants made numerous representations to Mad Dog that Defendants would pay for such products as agreed, Mad Dog did not receive any valid funds from Defendants.

12.   To the contrary, Defendants improperly provided insufficient funds checks to Mad Dog as follows: (a) Defendants tendered their written check no. 1508, dated July 17, 2009, in the amount of $10,000.00 ("Check 1508") to Mad Dog, however, Check 1508 was returned for insufficient funds on July 22, 2009; and (b) Defendants tendered their written check no. 1509, dated July 24, 2009, in the amount of $15,000.00 ("Check 1509") to Mad Dog, however, Check 1509 was returned for insufficient funds on July 31, 2009.   A true and correct copy of Check 1508 and Check 1509 (collectively, the "NSF Checks") is attached hereto as Exhibit "3" and is incorporated herein by this reference.

13.   Notwithstanding numerous demands made on Defendants, Defendants have failed and refused, and continue to fail and refuse, to pay for the products provided under the Subject Contracts, including without limitation, the amounts of the NSF Checks, thereby compelling the bringing of the within action.

## FIRST CLAIM FOR RELIEF

(Against Defendants For Breach Of Written Contracts)

14. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 13, inclusive, as set forth above.

15. Mad Dog, and Plaintiff as its assignee, have duly performed all conditions, covenants, and promises required on their part to be performed pursuant to the Subject Contracts with Defendants, including without limitation, all legal and contractual conditions precedent to Plaintiff's right to bring the within action.

16. Plaintiff alleges on information and belief that Defendants have breached their contractual obligations to Plaintiff, as assignee of Mad Dog, under the Subject Contracts for the reasons set forth above, including, without limitation, by wrongfully failing to pay the amounts due to Plaintiff.

17. As a direct and proximate result of such breaches of contract by Defendants, Plaintiff has been damaged in an amount, the precise sum of which is presently unknown, but which will be determined in accordance with proof at trial, and which includes, at a minimum, the sum of $154,304.00, together with interest accruing thereon.

## SECOND CLAIM FOR RELIEF

(Against Defendants For Breach of the Implied Covenant of Good Faith and Fair Dealing)

18. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 17, inclusive, as set forth above.

19.   Plaintiff alleges on information and belief that each of the Subject Contracts contain an implied covenant of good faith and fair dealing by each of the parties thereto as to the performance of the terms thereof, including, *inter alia*, an implied promise and duty that none of the parties thereto would do any action which would harm or cause injury to any of the other parties.

20.   Plaintiff alleges on information and belief that when Defendants breached the terms of the Subject Contracts and engaged in the acts and omissions set forth above, including, but not limited to, by failing to pay the amounts due thereunder notwithstanding their repeated promises to pay, and by tendering the NSF Checks, Defendants had no reasonable basis for their actions and/or acted with a callous disregard for the lack of such reasonable basis and for the consequences of such tortious conduct, and thereby breached the implied covenant of good faith and fair dealing contained therein.

21.   As a direct and proximate result of the breaches of the implied covenant of good faith and fair dealing by Defendants as alleged above, Plaintiff has been damaged in an amount, the precise sum of which is presently unknown, but which will be determined in accordance with proof at trial, and which includes, at a minimum, the sum of $154,304.00, together with interest accruing thereon.

<u>THIRD CLAIM FOR RELIEF</u>

(Against Defendants For Common Count For Materials Provided)

22.   Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1

1   through 13, inclusive, as set forth above.

2       23.  Within the last four years and pursuant to the

3   Subject Contracts, Defendants became indebted to Plaintiff in the

4   agreed sum of $154,304.00 for goods, wares, and merchandise sold

5   and delivered to Defendants for which Defendants promised to pay

6   Mad Dog, as assignor of Plaintiff.

7       24.  Neither the whole nor any part of the above

8   indebtedness of Defendants has been paid to Plaintiff,

9   notwithstanding that demands therefor have been made, and there is

10   now due, owing and unpaid from Defendants to Plaintiff the sum of

11   at least $154,304.00, together with interest accruing thereon.

12                   FOURTH CLAIM FOR RELIEF

13              (Against Defendants For Violations Of

14              California Civil Code Section 1719)

15       25.  Plaintiff realleges and incorporates herein by this

16   reference each and every allegation contained in paragraphs 1

17   through 13, inclusive, as set forth above.

18       26.  Plaintiff alleges on information and belief that the

19   wrongful acts of Defendants in tendering the NSF Checks as set

20   forth above constitute the passing of checks on insufficient funds,

21   within the meaning of California Civil Code section 1719(a)(6), and

22   that Defendants are in violation of California Civil Code section

23   1719.  Plaintiff has complied with all of the notice requirements

24   of such Code section and is entitled to all of the remedies

25   thereunder.

26       27.  As a direct and proximate result of such statutory

27   violations, Plaintiff has been damaged in an amount, the precise

28   sum of which is presently unknown, but which will be determined in

1   accordance with proof at trial, and which includes, at a minimum,

2   the sum of $1,500.00 for each of the NSF Checks, for a total

3   statutory award of $3,000.00, in addition to the other amounts due

4   to Plaintiff as set forth above.

5          WHEREFORE, Plaintiff prays for judgment against each of

6   Defendants as follows:

7              ON THE FIRST, SECOND AND THIRD CLAIMS FOR RELIEF

8          1.   For actual damages in a sum to be determined

9   according to proof, but in no event less than $154,304.00, together

10  with interest accruing thereon at the legal rate;

11                  ON THE FOURTH CLAIM FOR RELIEF

12         2.   For actual damages in a sum to be determined

13  according to proof, but in no event less than $3,000.00, together

14  with interest accruing thereon at the legal rate;

15                     ON ALL CLAIMS FOR RELIEF

16         3.   For Plaintiff's costs of suit incurred herein; and

17         4.   For such other and further relief as the Court may

18  deem just and proper.

19  DATED:  November 3, 2009           SHIELDS LAW OFFICES

20                                 By:

21                                     Jeffrey W. Shields
                                       Attorneys for Plaintiff
22                                     Richard Black

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in the above action.

DATED: November 3, 2009                    SHIELDS LAW OFFICES

By: _____
    Jeffrey W. Shields
    Attorneys for Plaintiff
    Richard Black

EXHIBIT 1

## Purchase Order # 10037

Bill To:

Beard's Marketing

Po Box 554

Clara City, MN 56222

## Mad Dog Energy Products

1000 Mega Boxes  = $50,000

1 Full Pallet of each Energy Shot = $31,104

288 stands = $4320

*These prices include shipping.  With the understanding the product will be shipped on 5/15/09.  This order needs to be on a LIFT GATE*

*Please provide tracking number when available*

# Invoice

Mad Dog Energy Products, Inc.

41800 Enterprise Circle So., #F
Temecula, CA 92590

| Date | Invoice # |
|---|---|
| 5/14/2009 | 1522 |

| Bill To | Ship To |
|---|---|
| Beard's Marketing<br>PO Box 554<br>Clara City, Mn 56222 | Tim Beard<br>119 NW 4th Street<br>Clara City, MN 56222 |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|---|---|---|---|---|---|---|
| | Net 30 | | 5/14/2009 | Yellow Trans | | |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 1,000 | Mega Box | 48 six pks, 4 lg. 1 mega | 50.00 | 50,000.00 |
| 50 | MD Blueberry/Pom... | MD Blueberry/Pomegranate 2oz shot<br>216 per case | 155.52 | 7,776.00 |
| 50 | MD Fruit Punch | MD Fruit Punch 2oz shot<br>216 per case | 155.52 | 7,776.00 |
| 50 | MD Grape | MD Grape 2 oz shot<br>216 per case | 155.52 | 7,776.00 |
| 50 | MD Lemon/Lime | MD Lemon/Lime 2oz shot<br>216 per case | 155.52 | 7,776.00 |
| 288 | RA-025 | 2 Racks in a set | 15.00 | 4,320.00 |

| Total | $85,424.00 |
|---|---|

# EXHIBIT 2

purchase order maddog.docx

Page 1 of 2

# purchase order

Date: May 18, 2009

Invoice # [10057]

| Beard's Marketing | Vendor: | Mad Dog Energy Products | SHIP To: | Beard's Marketing |
|---|---|---|---|---|
| PO Box 119 NW 4th ST | | Click here to enter text. | | Beard's Marketing |
| [Clara City, MN 56222 | | Click here to enter text. | | 119 NW 4th St |
| Phone. 320.847.2324 | | Click here to enter text. | | Clara City, MN 56222 |
| Fax 320.847.2399 | | Click here to enter text. | | 320.847.2324 |
| E-mail beardsmarketing@gmail.com | | | | Customer ID de564 |

| Shipping Method | Shipping Terms | Delivery Date |
|---|---|---|
| Freight | FOB MUST HAVE LIFT GATE | |

| Quantity | Item # | Description | Job | Unit Price | Line Total |
|---|---|---|---|---|---|
| 100 cases | | Blueberry Pom | | 0.50 | 10,800 |
| 100 cases | | Lemon Lime | | 0.50 | 10,800 |
| 150 cases | | Grape | | 0.50 | 16,200 |
| 150 cases | | Fruit Punch | | 0.50 | 16,200 |
| 240 | | Mega boxes | | 50 | 12,000 |
| | | Please send as many mega boxes as possible. If you have 500 please send 500 whatever you have please send. Thanks | | | |
| 4 case | | Racks 48 racks per case | | 15 | 2880 |
| | | | | Subtotal | |
| | | | | Sales Tax | |
| | | | | Total | |

1. Please send two copies of your invoice.
2. Enter this order in accordance with the prices, terms, delivery method, and specifications listed above.
3. Please notify us immediately if you are unable to ship as specified.
4. Send all correspondence to:

[Beard's Marketing
PO BOX 554
Clara City, MN 56222
Phone 320.847.2324
Fax 320.847.2399

Tim Beard

5/18/09

5.

Authorized by

Date

[Your company slogan]

# Invoice

Mad Dog Energy Products, Inc.

41800 Enterprise Circle So., #F
Temecula, CA 92590

| Date | Invoice # |
|------|-----------|
| 5/18/2009 | 1527 |

| Bill To |
|---------|
| Beard's Marketing<br>PO Box 554<br>Clara City, Mn 56222 |

| Ship To |
|---------|
| Tim Beard<br>119 NW 4th Street<br>Clara City, MN 56222 |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | Net 30 | | 5/18/2009 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 100 | MD Blueberry/Pom... | MD Blueberry/Pomegranate 2oz shot<br>216 per case | 108.00 | 10,800.00 |
| 100 | MD Fruit Punch | MD Fruit Punch 2oz shot<br>216 per case | 108.00 | 10,800.00 |
| 150 | MD Grape | MD Grape 2 oz shot<br>216 per case | 108.00 | 16,200.00 |
| 150 | MD Lemon/Lime | MD Lemon/Lime 2oz shot<br>216 per case | 108.00 | 16,200.00 |
| 240 | Mega Box | 48 six pks, 4 lg. 1 mega | 50.00 | 12,000.00 |
| 192 | MD SHOT RACK | MD SHOT RACK | 15.00 | 2,880.00 |

| Total | $68,880.00 |
|-------|------------|

# EXHIBIT 3

*111012822*
07/22/2009
0000060609991363

This is a LEGAL COPY of your
check. You can use it the same
way you would use the original
check

RETURN REASON-A
NOT SUFFICIENT
FUNDS

*17580001*
*12031*
*1*
*01195*



BEARD'S MARKETING                                          1508
PHONE 320-847-2324                                        73-465/919
119 NW 4TH ST PO BOX354
CLARA CITY, MN 58222

Pay to the
Order of _Richard_____ $ 10,000

_Ten thousand dollars_____ Dollars

CSB CITIZENS
STATE BANK
of Clara City

For _Invoice_                          _signature_

1508   "000 1000000"

1508   "000 1000000"

↓Do not endorse or write below this line↓

*111012822*
07/31/2009
000006515665293

This is a LEGAL COPY of your
check. You can use it the same
way you would use the original
check

RETURN REASON-A
NOT SUFFICIENT
FUNDS

*12490001*
*3958*
*1*
*01095*

**BEARD'S MARKETING**
PHONE 320-847-2324
119 NW 4TH ST PO BOX 554
CLARA CITY, MN 56222

1509
75-485/919

7-24-09 Date

Pay to the
Order of     Richard Black                          $ 15,000

Fifteen thousand dollars and no/100     Dollars

CITIZENS
STATE BANK
at Clara City          Twice □

For   Invoice

1509 "0001500000"

1509 "0001500000"

Returned Not Paid
Because
NSF
Presented
Twice

NSF

BANK OF AMERICA NA LAC
*122000651< E1922 94 18
07/28/09

5760073128

45C0-24
5020001146182
FRB-CLE 07302009 PK 3 E

↓Do not endorse or write below this line↓
↓Do not endorse or write below this line↓

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV09- 2051 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[X] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Jeffrey W. Shields, SBN 109920
SHIELDS LAW OFFICES
1920 Main Street, Suite 1080
Irvine, CA 92614

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

RICHARD BLACK, an individual ,

**PLAINTIFF(S)**

v.

TIMOTHY BEARD, an individual dba BEARD'S
MARKETING; and MELISSA MANSON, an
individual dba BEARD'S MARKETING,

**DEFENDANT(S).**

CASE NUMBER

ED CV 09 - 02051 VAP (OPx)

**SUMMONS**

TO:   DEFENDANT(S): <u>TIMOTHY BEARD, an individual dba BEARD'S MARKETING; and MELISSA</u>
<u>MANSON, an individual dba BEARD'S MARKETING</u>

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer
or motion must be served on the plaintiff's attorney, <u>Jeffrey W. Shields/Shields Law Offices</u> , whose address is
<u>1920 Main Street, Suite 1080, Irvine, California 92614</u> .  If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

**TERRY NAFISI**

Clerk, U.S. District Court

Dated: NOV -4 2009

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
RICHARD BLACK, an individual

**DEFENDANTS**
TIMOTHY BEARD, an individual dba BEARD'S MARKETING; and MELISSA MANSON, an individual dba BEARD'S MARKETING

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jeffrey W. Shields/SHIELDS LAW OFFICES
1920 Main Street, Suite 1080
Irvine, CA 92614

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)
☒1 Original Proceeding  ☐2 Removed from State Court  ☐3 Remanded from Appellate Court  ☐4 Reinstated or Reopened  ☐5 Transferred from another district (specify):  ☐6 Multi-District Litigation  ☐7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ 154,304.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1332 - Diversity

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☒ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

TORTS PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**ED CV 09 - 02051 VAP (OPx)**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

NOV -4 2009

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Minnesota |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER):                            Date November 3, 2009

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |